PER CURIAM.
The petitioner’s appointed appellate counsel, who also represented him at trial, filed a timely notice of appeal on his behalf but then failed to respond timely to this court’s order directing the appellant either to pay the filing fee or to file a circuit court clerk’s determination of indi-gency status. As a result, the petitioner’s direct appeal, case number 4D09-4240, was dismissed. This alone constitutes ineffective assistance of appellate counsel. Spivey v. State, 827 So.2d 390 (Fla. 5th DCA 2002).
The petitioner then filed with the circuit court a pro se motion for the appointment of the public defender’s office as appellate counsel, attaching his completed application for criminal indigent status. The trial court adjudged him indigent for purposes of the appeal but again appointed the same attorney to represent him on appeal. These orders were filed within closed case number 4D09^240, but no one requested the reinstatement of the dismissed appeal. In response to petitioner’s bar complaint, the attorney indicated he would file a petition for belated appeal, but this court received no such petition.
In response to a pro se communication, this court’s clerk wrote the petitioner on September 15, 2010, to explain that this court had received the lower court’s order of insolvency, but the appeal remained dismissed because no motion to reinstate the appeal had been filed. The September 15 communication to petitioner was served on appointed counsel, but he still filed no motion to reinstate.
The petitioner next filed with the circuit court a second motion to appoint conflict-free counsel, asking the trial court to appoint the public defender and representing that appointed counsel had informed the circuit court he was not doing the appeal. The petitioner served a copy of this motion on appointed counsel. The trial court denied the motion, reiterating that it had appointed the same attorney to represent the petitioner on appeal. It served a copy of the order on appointed counsel, but counsel filed nothing further with this court.
Consequently, we now grant the petitioner’s pro se petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. We hereby reinstate the petitioner’s appeal in case number 4D09-4240.
The petitioner already having been certified indigent, we also relinquish jurisdiction to the trial court for thirty days to *849 appoint new appellate counsel, either the public defender or another attorney, other than the attorney who previously was appointed.[1] Thereafter, substitute appellate counsel is directed to ensure transmittal of the record on appeal to this court within thirty days after appointment and to file the initial brief in case number 4D09-4240 within thirty days thereafter.

Petition granted; direct appeal reinstated; jurisdiction relinquished.

WARNER, POLEN and LEVINE, JJ, concur.

. The petitioner has requested that the trial court be directed to appoint only the Office of the Public Defender to represent him on appeal; however, especially in light of the fact that he was not represented at trial by the Public Defender for the Fifteenth Circuit, where he was tried, the trial court may have valid reasons for not appointing that office to represent him on appeal. At any rate, we leave the appointment to the trial court’s discretion, so long as it is not the same attorney who previously was appointed.